IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-00259-FDW

| | |
|---|---|
| CARROL LEE OWENS, | ) |
|        Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| MR. ZEPHYR, | ) |
|        Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of the petition for habeas corpus which Petitioner filed *pro se* pursuant to 28 U.S.C. § 2241 for a computation of his federal sentence. For the reasons that follow, the § 2241 petition will be dismissed.

Petitioner was convicted in this District on one count of bank fraud, and aiding abetting the same, in violation of 18 U.S.C. §§ 1344 and 2 (Count 8); and one count of fraud with identification documents, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A and 2 (Count 9).[1] Petitioner was sentenced to a term of 48-months' imprisonment, and a five-year term of supervised release, and this judgment was ordered to run consecutively to state sentences for which Petitioner had an undischarged term of imprisonment. See U.S. Sentencing Guidelines Manual ¶ 5G1.3(c)(2007). See also (1:08-cr-00025-MR-1, Doc. No. 51: Presentence Report ("PSR") ¶¶ 75-77; Doc. No. 56: Judgment in a Criminal Case).

According to the § 2241 petition, Petitioner began serving his federal term of imprisonment in March 2010, and he was released from active confinement from the Bureau of

---

[1] The remaining counts pending against Petitioner were dismissed pursuant to his plea agreement with the Government.

1

Prisons to serve the remaining 6-month term of his sentence on April 18, 2013, in a halfway house in Asheville, North Carolina. The Respondent, Mr. Zephyr, was assigned as his Community Corrections Manager, and had direct supervision over Petitioner at the halfway house. On August 18, 2013, Petitioner was arrested on state charges and detained by the Asheville Police Department ("APD") in the Buncombe County Detention Center to await disposition of the charges.[2] The day after he was arrested by the APD, Petitioner contends that the U.S. Marshals Service "(at the behest of Mr. Zephyr (CCM) placed a 'hold' on the petitioner." (1:14-cv-00259, Doc. No. 1: § 2241 petition at 1-2). Petitioner maintains that his federal sentence was set to expire on October 10, 2013, and that because of the federal detainer he was unable to make bond on the state charges and therefore had to serve nearly 50 additional days.

On November 13, 2013, Petitioner was sentenced on the state charges in the Buncombe County Superior Court to an active term of 40-66-months' imprisonment and he is presently detained in the Columbus Correctional Institution in Columbus County. However, after he was sentenced in state court, Petitioner was housed in the Tabor Correctional Institution and was so confined at the time he filed the present § 2241 petition. Tabor Correctional Institution is located in Columbus County which is within the Eastern District of North Carolina (Southern Division). Petitioner's § 2241 petition seeks to challenge the computation of his federal sentence and it appears such a challenge should have been filed in Columbus County within the Eastern District. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426 (2004); Kanai v. McHugh, 638 F.3d 251 (4th Cir.), cert. denied, 132 S.Ct. 381 (2011).[3]

---

[2] Although Petitioner does not fairly explain why he might have come to the attention of state authorities, he notes in a previous case he filed in this District, which raises largely the same arguments he now makes, that he was absent without authorization from the halfway house on August 18, 2013. (1:13-cv-00315-FDW, Doc. No. 1 at 1).
[3] The Court observes that based on Petitioner's latest round of state convictions, the largely innumerable convictions Petitioner has sustained in both federal and state court, and the fact that he was still was subject to possible revocation of his supervised federal release for his arrest on state charges, it is simply speculation to believe that the state authorities would have released him on bond pending resolution of the state charges. Indeed, Petitioner contends that

Finally, Petitioner has named his case manager as the respondent in this case, but the Court notes that the proper respondent, in the event, as here, that a challenge is presented to the computation of his federal sentence, the U.S. Attorney General is the proper respondent. See United States v. Wilson, 503 U.S. 329, 334 (1992). In other words, Respondent Zephyr has no authority to now calculate the remainder of time that Petitioner may have been subject to serve on his federal sentence at the time he was arrested on the state charges, and this is especially true because Petitioner may yet have to reckon with the revocation of his federal supervised release following release from state custody. Moreover, as Petitioner notes, the U.S. Marshals Service filed the detainer to which he was apparently subjected to while awaiting state disposition of his charges. That this detainer may have been filed at Mr. Zephyr's request should be of no moment.

IV. CONCLUSION

For the reasons stated herein, the Court finds that the § 2241 petition should be dismissed.

**IT IS, THEREFORE, ORDERED** that the § 2241 petition is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 3).

---

his bond was denied because of the federal detainer but that does not mean that he did not have state remedies available during the 50 days he was under the detainer. In any event, if Petitioner should have been granted credit for time spent in state custody pending his sentencing, he fails to provide any indication that he has applied for state collateral relief on this issue.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 12, 2015

*[Signature]*

Frank D. Whitney
Chief United States District Judge